UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No.: 08-cr-00057-TNM-5 |
| JAIME GONZALEZ DURAN,<br>        Defendant. | |

MOTION TO ADJOURN TRIAL DATE

COMES NOW DEFENDANT, Jaime Gonzalez Duran, by and through undersigned counsel, and respectfully asks this Court to adjourn the current trial date. Given the facts, arguments and legal authority set forth below, Mr. Gonzalez Duran respectfully requests that the Court adjourn the current trial date and convert the current pre-trial status conference to a status hearing to address the future of the case.

*Consult & Position of the Parties*

Government counsel *takes no position* on Mr. Gonzalez Duran's motion to adjourn the present trial date.

Defense counsel for codefendant Medina Rojas *joins in* this motion to adjourn the present trial date.

*Pre-Trial Detention of Mr. Gonzalez*

Mr. Gonzalez Duran has been detained since his arrival to the United States in October of 2022. In August of 2024, Mr. Gonzalez Duran was transferred from Alexandria, Virginia, to a Bureau of Prisons (BOP) facility in Philadelphia, Pennsylvania. He remains detained there as of the filing date of this motion.

At this time, there appears to be no indication that he will be transferred back to Washington, D.C. This was confirmed with Mr. Gonzalez Duran's Philadelphia BOP case manager this morning, January 31, 2025, at 9:00 a.m. The case manager shared with undersigned counsel that he has no information regarding when, or if, Mr. Gonzalez Duran will be transferred back to the Washington, D.C. metropolitan, or regional area.

Government counsel was made aware of the transfer of Mr. Gonzalez Duran in August of 2024, and this matter has been a topic of conversation as plea negotiations have taken place during the past three months. Defense counsel highlighted the difficulty of Mr. Gonzalez Duran's place of detention in a recent motion to extend a deadline for filing pretrial motions. See ECF 608.[1]

---

[1] Defense counsel's concern as to Mr. Gonzalez Duran's placement was expressed in the defense motion filed in early January:

> While the FDC Philadelphia facility allows for attorney/client calls, the time limitations imposed on the calls has made it difficult to review evidence or discuss case issues at length. The government proposed a plea agreement in early November 2024, however, defense counsel's schedule and the holidays have made it impossible for him to travel to Philadelphia to meet with Mr. Gonzalez Duran one-on-one for an extended period to discuss it.

ECF 608, p.2.

Therefore, based upon the physical distance of Mr. Gonzalez Duran from the Court and defense counsel, any pre-trial activity, and effective preparation for a trial defense, has been and continues to be impossible.

*Plea Negotiations – Final Plea Offers*

Mr. Gonzalez Duran notes that all of these events have taken place under the shadow of plea negotiations. As the Court has noted, it is not the place of the Court to enter the realm of plea negotiations. However, Mr. Gonzalez Duran respectfully submits that a court-hearing on the status of plea offers, memorialization of the plea offers, and announcing Mr. Gonzalez Duran's final decision on a plea offer must be entered into the case record. *Missouri v. Frye*, 566 U.S. 134 (2012).

*Conclusion*

WHEREFORE, Mr. Gonzalez Duran respectfully requests that the Court adjourn the scheduled trial date and convert the current pre-trial status conference to a status hearing date.

Filed this 31st day of January 2025.

                                        Respectfully submitted,

                                        RETURETA & WASSEM, P.L.L.C.

By:_____
     Manuel J. Retureta, Esq.
     District of Columbia Bar #430006
     300 New Jersey Avenue, NW, Suite 900
     Washington, D.C. 20001
     202-450-6119
     MJR@RETURETAWASSEM.COM

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing filing was served upon counsel for all parties via electronic mail on this 31st day of January 2025.

By:_____
Manuel J. Retureta, Esq.