UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**JAIME GONZALEZ-DURAN,**<br>also known as "Hummer," and<br><br>**ELEAZAR MEDINA-ROJAS,**<br>also known as "Chelelo,"<br><br>**Defendants.** | CASE NO.  1:08-CR-57 TNM |

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION TO EXCLUDE
NON-DISCLOSED EXPERT TESTIMONY**

The United States of America, by and through undersigned counsel, responds in opposition to Defendant Medina-Rojas's Motion to Exclude Non-Disclosed Expert Testimony, ECF No. 609, and, in turn, Defendant Gonzalez-Duran's Motion joining Defendant Medina-Rojas's Motion, ECF No. 615 (together, "Defendants' Motion"). Defendants seek to exclude any expert testimony that the Government intends to introduce at trial but did not disclose by the deadline imposed by this Court to do so. There is no such testimony to exclude. Defendants' motion thus should be denied as moot.

## ARGUMENT

On January 6, 2025, consistent with the Court's Order requiring expert notices to be filed by that date, the Government disclosed that it intended to introduce the expert testimony of Federal Bureau of Investigation Special Agent Taylor Page, an expert in cell site analysis, and U.S.

1

Department of Justice Linguist Judi O'Brien, a Spanish-to-English translation expert. *See* July 16, 2024, Minute Entry (setting deadline for expert notices); Gov't Expert Notice, ECF No. 601.

Defendants do not contend this disclosure was untimely, nor do they move to exclude the testimony of either of these experts under Federal Rule of Evidence 702. They argue only that the Government should be precluded from offering "any other expert testimony (or expert testimony through lay witnesses) beyond that timely and properly disclosed," including expert testimony "in the area of narcotics trafficking organizations, international smuggling organizations, use of code words or slang words associated with such organizations, or any other methods that such organizations may employ in furtherance of alleged illicit activities." Def. Mot. ¶ 6, ECF No. 609. Because the Government does not intend to introduce any expert testimony that it did not timely disclose, there is no undisclosed expert testimony to exclude, and Defendants' Motion should be denied as moot.

To be clear, however, Defendants cannot turn certain topics into "expert testimony" simply by labeling it that way, including, for example, testimony regarding international drug trafficking organizations or code words used by members of such organizations. Lay witnesses can testify about facts of which they have personal knowledge, and about their opinions when those opinions are "rationally based on the witness's perception;" "helpful to clearly understanding the witness's testimony or to determining a fact in issue;" and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 602; 701. Thus, when these requirements are met, the Government's lay witnesses, including both its non-expert law enforcement witnesses and its cooperating witnesses, properly can testify about topics such as the structure and operations of the charged drug trafficking conspiracy, and of the code words used by the members of the organization. Courts have routinely upheld the admission of similar testimony

by non-expert witnesses. *See, e.g.*, *United States v. Smith*, 640 F.3d 358, 365 (D.C. Cir. 2011) (concluding that a law enforcement agent may give lay opinion testimony interpreting slang terms used over wire intercepts in drug conspiracy case when the agent's testimony was based on knowledge of particular conspiracy at issue and acquired through listening to recordings and conducting surveillance); *United States v. Wilson*, 605 F.3d 985, 1026 (D.C. Cir. 2010) ("An individual testifying about the operations of a drug conspiracy because of knowledge of that drug conspiracy has 'particularized' knowledge and should be admitted as a lay witness.").[1] The Government intends to introduce such lay witness testimony here.

---

[1] *See also, e.g.*, *United States v. Valbrun*, 877 F.3d 440, 443-44 (1st Cir. 2017) ("[I]t is settled beyond hope of contradiction that a witness with personal knowledge of slang or jargon commonly employed in the drug trade may, consistent with Rule 701, be allowed to interpret ambiguous language used conversationally by drug traffickers."); *United States v. Young*, 847 F.3d 328, 350 (6th Cir. 2017) (recognizing that a non-expert law enforcement officer can provide lay opinion testimony regarding conversations when officer is a participant, has personal knowledge of the facts relayed in the conversation, or observed the conversations as they occurred); *United States v. Akins*, 746 F.3d 590, 599-600 (5th Cir. 2014) (holding that the trial court did not abuse its discretion in permitting lay opinion testimony from an officer about code words used in wiretapped conversations where that testimony was largely based on the agent's first-hand observations); *United States v. Freeman*, 498 F.3d 893, 904-05 (9th Cir. 2007) (concluding the agent's lay witness testimony interpreting ambiguous conversations was admissible when based upon his direct knowledge of the investigation).

## **CONCLUSION**

For the foregoing reasons, the Court should deny as moot Defendant Medina-Rojas's Motion to Exclude Non-Disclosed Expert Testimony—and Defendant Gonzalez-Duran's Motion joining the same.

Dated:  January 31, 2025

MARLON COBAR, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

By:   */s/ Jayce L. Born*
Jayce L. Born
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
145 N. Street NE
Washington, D.C. 20530
Telephone: (202) 616-2656
Email: jayce.born@usdoj.gov

<strong><u>Certificate of Service</u></strong>

I hereby certify that a copy of the foregoing was sent via ECF to counsel of record, this 31st day of January 2025.

                                                  By: */s/ Jayce L. Born*
                                                        Jayce L. Born
                                                        Trial Attorney
                                                        Narcotic and Dangerous Drug Section
                                                        Criminal Division
                                                        U.S. Department of Justice