UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JAIME GONZALEZ-DURAN,<br>also known as "Hummer," and<br><br>ELEAZAR MEDINA-ROJAS,<br>also known as "Chelelo,"<br><br>**Defendants.** | CASE NO. 1:08-CR-57 TNM |

**REPLY TO OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE
TO PRECLUDE JURY NULLIFICATION-RELATED ARGUMENTS OR EVIDENCE**

The United States of America, by and through undersigned counsel, respectfully submits this Reply to Defendant Eleazar Medina-Rojas's Opposition to the Government's Motion in Limine to Preclude Jury Nullification-Related Arguments or Evidence.[1] As discussed below, Defendant Medina-Rojas's Opposition lacks merit and therefore, the Court should grant the Government's Motion in Limine.

Through its Motion in Limine, the Government requests a pre-trial ruling "to preclude the Defendants from making arguments, posing questions to witnesses, or otherwise attempting to introduce non-relevant evidence that encourages jury nullification." Gov't Mot. at 1, ECF No. 605. Specifically, the Government seeks to preclude statements regarding punishment or collateral consequences of a conviction for the alleged offenses and arguments, statements, or questioning

---

[1] Defendant Jaime Gonzalez-Duran explicitly states, "[t]he government's concern as to 'jury nullification' arguments are simply without merit and warrant no response." Def. Gonzalez-Duran Resp. at 3, ECF No. 631. Because Defendant Gonzalez-Duran makes a blanket statement with no further elaboration or citation authority and does not explicitly raise an opposition to the Government's Motion in Limine, the Court should characterize Defendant Gonzalez-Duran's Opposition as having no objection to the Government's Motion in Limine. Accordingly, the Government will solely focus on Defendant Medina-Rojas's Opposition in this Reply.

1

casting doubt on the propriety of a criminal conviction based on the extraterritorial commission of the alleged offenses. *Id.* at 3-4.

Defendant Medina-Rojas explicitly does not oppose the Government's request to limit "arguments that would actively encourage the jury to ignore the law in the name of justice," "arguments that would invite the jury to consider his potential sentence in weighing the evidence during the guilt phase of trial," and arguments "that because events of this case occurred in Mexico that the U.S. Government has no jurisdiction to prosecute it." *See* Def. Medina-Rojas Resp. ¶¶ 3-5; ECF. No. 628. He argues only that the Government's request to preclude questioning or arguments as to the "extraterritorial nature" of the charged conduct is potentially too broad, because Defendant Medina-Rojas should be permitted to raise any defenses that require testimony about his imprisonment in Mexico and asks the Court to reserve ruling on the Government's Motion for that reason. *Id.* ¶¶ 7-8.

Defendant Medina-Rojas erroneously interprets the Government's request in its Motion in Limine regarding the "extraterritorial nature" of the alleged criminal conduct. To be clear, the Government asks this Court for a pre-trial ruling that specifically precludes arguments, questioning, or evidence "casting doubt on the *propriety* of a criminal conviction based on the extraterritorial commission of the offenses," which is irrelevant to a jury's determination of guilt or innocence and encourages jury nullification. Gov't Mot. at 4, ECF No. 605 (emphasis added). To the extent that Defendant Medina-Rojas intends to raise a viable defense that requires testimony about the period of his imprisonment in Mexico, the Government's Motion in Limine does not seek to exclude that evidence. Indeed, the Government anticipates significant evidence about conduct that occurred outside of the United States, given that the Government charged the Defendants with engaging in criminal conduct that occurred outside the United States under 21

U.S.C. §§ 959(a), 960, and 963. The Court can grant the Government's Motion in Limine without precluding the Defendants from introducing evidence of conduct that occurred outside the United States as part of their defense.

For the foregoing reasons, and those set forth in its corresponding Motion in Limine, the United States respectfully requests that this Court grant the Government's Motion in Limine.

Dated:  February 21, 2025

MARLON COBAR, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

By:  /s/ Tara J. Arndt
Jayce L. Born
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
145 N. Street NE
Washington, D.C.  20530
Telephone: (202) 616-2656
Email: jayce.born@usdoj.gov

3

## **Certificate of Service**

      I hereby certify that a copy of the foregoing was sent via ECF to counsel of record, this 21st day of February 2025.

                                              By: */s/ Jayce Born*
                                                    Jayce Born
                                                      Trial Attorney
                                                      Narcotic and Dangerous Drug Section
                                                      Criminal Division
                                                      U.S. Department of Justice