UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAIME GONZALEZ DURAN,<br>                    Defendant. | Crim. Action No. 08-cr-00057-TNM-5 |

DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN AID
OF SENTENCING REGARDING CREDIT FOR TIME SERVED

COMES NOW DEFENDANT, JAIME GONZALEZ DURAN, by and through undersigned counsel, and respectfully submits this Supplemental Memorandum In Aid of Sentencing. Mr. Gonzalez Duran addresses the issue raised at the sentencing hearing held on June 6, 2025, namely, how much jail-time should be credited.

*The Issue*

On June 6, 2025, the Court held the sentencing hearing for Mr. Gonzalez Duran. One sentencing issue that drew attention from government and defense counsel was the defense argument that Mr. Gonzalez Duran warranted sentence mitigation because he had been detained since November of 2008. Government counsel argued that no credit should be given to Mr. Gonzalez Duran for time spent detained in Mexico, time during which the United States had yet to submit a formal request for extradition. The defense argued that in light of the "coordinated" arrest of Mr. Gonzalez Duran by U.S. and Mexican law enforcement, credit for time served between the arrest and the filing of the extradition packet was warranted.

As the Court heard arguments, the issue of whether, and to what extent, BOP

1

would/or should give credit for this 2008-2015 time period became a point of discussion. The government informed the Court that they could not determine what credit for Mexican detention could or would be credited. Undersigned counsel asserted that at the very least Mr. Gonzalez Duran would receive credit for time served from the date of the U.S. extradition packet presented to Mexico. This uncertainty resulted in a defense motion to hold the sentencing hearing in abeyance to Friday, June 20, 2025, to further research or file pleadings on the issue. The following is the defense position.

*Argument*

As previously argued to the Court, Mr. Gonzalez Duran has served approximately 16 years and 7 months of continuous incarceration – in U.S. and Mexican jails – related to his role as a member of the Zetas drug cartel. On March 13, 2008, he was indicted by a grand jury in Washington, D.C. Later that year, Mr. Gonzalez Duran was arrested in Mexico, on November 7, 2008. PSR, p.2.

November 7, 2008, is one of three dates that are at the center of this issue and the differences between the parties. The other two dates are: 1) the submission of the U.S. request for extradition to Mexico on November 30, 2015, and, 2) the new date of sentencing hearing date, Friday, June 20, 2025.

As set forth above, Mr. Gonzalez Duran has been detained, as a result of his actions as a member of the "Zetas" since November 7, 2008. This amounts to 16 years and 7 months of continuous incarceration. The government opposes the argument that Mr. Gonzalez Duran should only receive credit for time spent in Mexico from the date that the U.S. extradition request was filed with Mexico, on November 30, 2015.

2

At issue are 84 months and 23 days between the 2008 and 2015 dates. The defense argues this time should be used to mitigate Mr. Gonzalez Duran's sentence given the "coordinated" effort between the U.S. and Mexico in his arrest, detention, and subsequent posture for extradition.

*BOP Time Calculation*

Normally, "time-served" calculations by the Bureau of Prisons (BOP) only credit international defendants jail-time from the moment that an extradition request is presented to the other country. Mr. Gonzalez respectfully submits that this would not produce a just sentence because the U.S. and Mexico worked hand-in-hand to arrest, detain, and extradite Mr. Gonzalez Duran.

*U.S. "Coordinated" Action Against the Zeta Cartel*

In March of 2008 an indictment was lodged against Mr. Gonzalez Duran and 10 codefendants. Seven months after Mr. Gonzalez Duran's arrest (Nov. 8, 2009) in Mexico, the U.S. government – including the Departments of Justice, State and Treasury - announced "coordinated" efforts against the Zetas. The "strong partnership" referenced was key to Mr. Gonzalez Duran's arrest and continued detention.

Accordingly, Mr. Gonzalez Duran requests a downward variance for the 84 months and 23 days he spent detained in Mexico from 2008 to 2015. Because it is clear that BOP calculations will not include the time prior to the submission of the extradition request, it would be just to recognize the time spent *incarcerated* pending his extradition to the United States.

*Unresolved Issue Related to Co-Defendant Medina Rojas*

As fully set forth in the defense sentence memorandum, this issue was flagged with government counsel prior to the change-of-plea hearing in February 2025. However, government counsel did not respond to the defense request and the plea was not delayed. However, it is clear that such an issue arose with co-defendant Medina Rojas who pleaded guilty shortly after Mr. Gonzalez Duran's change of plea. In the plea agreement document for Medina Rojas the following section is included:

> Additionally, if the Court determines that the Defendant's term of 4 years, 10 months, and 50 days of imprisonment between April 19, 2007, and April 9, 2012, will not be credited by the Bureau of Prisons, ***the Government will not take a position on the Defendant's argument for a downward departure or downward variance to account for the period of incarceration.***

See Plea Agreement, Defendant Medina Rojas ECF 672, p.9 (Emphasis added). It appears that for defendant Medina Rojas a period of detention of "4 years, 10 months, and 50 days of imprisonment . . . *will not be credited by the Bureau of Prisons . . . Id.* While undersigned counsel has not been fully apprised of the circumstances surrounding this request, it appears to relate to a similar situation involving Mexican detention and the timing of the U.S. extradition request.

This issue remains outstanding, without any explanation by government counsel.

*Remedy*

A court may conclude that the Bureau of Prisons will not credit a defendant's prior time served and, therefore, may reduce a defendant's sentence under § 5G1.3(b) or § 5K2.23 of the U.S. Sentencing Guidelines. *In re U.S. Bureau of Prisons*, 918 F3d. 431, 439 (5th Cir. 2019). Should the Court conclude that such a credit is appropriate

then the Court should calculate and explain the defendant's final sentence. As an example, the Court should insert the following language into Mr. Gonzalez Duran's judgment:

> Pursuant to U.S.S.G. § 5G1.3(b), the imposed term is (???) months, adjusted from (???) months, to account for defendant's confinement from November 7, 2008 until November 30, 2015, in relation to time Mr. Gonzalez Duran was detained in Mexico, prior to the filing of the U.S. request for extradition, that would not otherwise be credited by the Bureau of Prisons.

Mr. Gonzalez Duran respectfully submits that the downward "adjustment" should be 84-months and 23-days.

## CONCLUSION

Based on the foregoing reasons and others that may be discussed with the Court at the sentencing hearing, Mr. Gonzalez Duran respectfully requests that the Court vary from the advisory sentence guideline recommendation and mitigate his sentence pursuant to statutory sentencing factors set forth in 18 U.S.C. §3553(a).

Filed this 19th day of June 2025.

Respectfully submitted,

RETURETA & WASSEM, P.L.L.C.

By:_____
Manuel J. Retureta, Esq.
District of Columbia Bar #430006
300 New Jersey Avenue, NW, Suite 900
Washington, D.C. 20001
202-450-6119
MJR@RETURETAWASSEM.COM

5

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing filing was served upon counsel for all parties via electronic mail on this 19th day of June 2025.

By: _____
Manuel J. Retureta, Esq.